IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| A.A., through next friend April Gallimore,<br>       Plaintiff, | )<br>)<br>)<br>) |
| v. | ) CIVIL ACTION NO: _____<br>)<br>) |
| Killeen Independent School District, &<br>Nichole Lashea Riley, individually,<br>       Defendants. | )<br>)<br>)<br>) |

## **PLAINTIFF'S ORIGINAL COMPLAINT**

This case involves a staff member at Eastern Hills Middle School, Defendant-Nichole Lashea Riley (Defendant-Riley), assaulting a disabled student at the school, A.A. (Plaintiff). Defendant-Riley's actions, which were taken while she was employed by Defendant-Killeen Independent School District (Defendant-KISD), broke numerous federal civil rights laws.

### **PARTIES**

1. Plaintiff is a minor who brings this cause of action through her mother and custodial parent, April Gallimore.

2. Defendant-KISD is a public school district established under the laws of the State of Texas with its central office in Killeen, Texas.

3. Defendant-Riley is a former employee of Defendant-KISD.

### **JURISDICTION**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

### **VENUE**

5. Venue is proper in accordance with 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims occurred in this venue.

## CONDITIONS PRECEDENT

6. All conditions precedent have been performed or have occurred.

## GENERALLY APPLICABLE FACTS

7. On April 12, 2023,[1] Plaintiff was an 11-year-old student at Eastern Hills Middle School in Harker Heights, Bell County, Texas.

8. Plaintiff was in the 6th grade.

9. Defendant-Riley was a staff member at the school, specifically, a teacher.

10. Plaintiff and Defendant-Riley were in a classroom together.

11. Plaintiff left the classroom and went into the hallway.

12. Defendant-Riley followed Plaintiff into the hallway.

13. While in the hallway, Defendant-Riley grabbed Plaintiff by the neck and applied pressure, i.e., strangled Plaintiff

14. While strangling Plaintiff, Defendant-Riley said words to the effect of, "You think I am going to keep putting up with this?"

15. Defendant-Riley strangled Plaintiff for approximately 12 seconds.

16. Defendant-Riley's attack and strangulation of Plaintiff caused multiple lacerations to Plaintiff's neck, which are accurately depicted below:

---

[1] Unless otherwise stated, all paragraphs refer to the events on April 12, 2023.



17.     The attack by Defendant-Riley caused personal injuries to Plaintiff that necessitated treatment at the emergency department.

18.     The attack by Defendant-Riley further caused Plaintiff to develop post-traumatic stress disorder, which is likely to require a lifetime of treatment.

19.     When interviewed by police after the assault, Defendant-Riley stated, "I can't remember what [Plaintiff] said and boom, the next thing I know I had my hand wrapped around her neck."

20. At all relevant times, Plaintiff had a disability. Specifically, Plaintiff had a mental impairment that substantially limited one or more of her major life activities. Plaintiff's disability impacted Plaintiff's ability to care for herself, learn, read, concentrate, think, communicate, and work, which collectively impacted Plaintiff's ability to control her emotions.

21. Defendant-KISD had previously identified Plaintiff's disability and categorized it as an emotional disturbance.

22. At all relevant times, Defendant-KISD was a recipient of federal funding.

23. At all relevant times, Defendant-KISD operated Eastern Hills Middle School and employed Defendant-Riley.

## CAUSES OF ACTION

Count 1—Plaintiff v. Defendant-KISD (failure to accommodate, Title II of the ADA)

24. Plaintiff hereby incorporates all prior paragraphs.

25. On April 12, 2023, Plaintiff was a qualified individual with a disability.

26. Defendant-Riley was Plaintiff's teacher.

27. Plaintiff informed Defendant-Riley that Plaintiff's stomach hurt.

28. Defendant-Riley responded by saying words to the effect of, "I don't care."

29. Defendant-Riley's response upset Plaintiff.

30. Plaintiff could sense that she was becoming increasingly upset and that she might have difficulty controlling her emotions because of her disability.

31. Plaintiff asked Defendant-Riley if she [Plaintiff] could leave to go speak with a staff member in a different classroom. This accommodation—speaking with a staff member in a different classroom—was reasonable and had previously been approved by Defendant-KISD.

32. Plaintiff informed Defendant-Riley that she [Plaintiff] had a disability and an approved accommodation to be able to speak with the staff member in a different classroom.

33.     Defendant-Riley responded by saying words to the effect of, "I don't care. You can go wherever you want."

34.     Believing her accommodation request was approved, Plaintiff began to exit the classroom.

35.     Defendant-Riley held the door open for Plaintiff and followed Plaintiff out into the hallway.

36.     In the hallway, instead of allowing Plaintiff to go speak with the staff member in a different classroom, Defendant-Riley attacked and strangled Plaintiff.

37.     Such conduct by Defendant-KISD, through the actions of its employee and agent Defendant-Riley, was intentional discrimination against Plaintiff by reason of her disability.

38.     Such conduct by Defendant-KISD, through the actions of its employee and agent Defendant-Riley, prevented Plaintiff from speaking with the staff member in a different classroom.

39.     Defendant-Riley's attack of Plaintiff denied Plaintiff's accommodation request.

40.     For the reasons stated, Defendant-KISD failed to accommodate Plaintiff's disability, i.e., denied Plaintiff a reasonable accommodation, in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq, and specifically 42 U.S.C. § 12132.

Count 2—Plaintiff v. Defendant-KISD (failure to accommodate, Rehabilitation Act)

41.     Plaintiff hereby incorporates all prior paragraphs.

42.     For the reasons stated under Count 1, Defendant-KISD failed to accommodate Plaintiff's disability, i.e., denied Plaintiff a reasonable accommodation, in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq, and specifically 29 U.S.C. § 794(a).

43. Such actions by Defendant-KISD were discrimination solely by reason of Plaintiff's disability.

Count 3—Plaintiff v. Defendant-KISD (disparate treatment, Title II of the ADA)

44.     Plaintiff hereby incorporates all prior paragraphs.

45.     Defendant-Riley strangled Plaintiff because Defendant-Riley believed Plaintiff was abusing her status as a student with a disability.

46. Defendant-Riley evidenced her intent by stating—while strangling Plaintiff—words to the effect of, "You think I am going to keep putting up with this?"

47. Such conduct by Defendant-KISD, through the actions of its employee and agent Defendant-Riley, disparately treated Plaintiff by reason of her disability.

48. Such conduct by Defendant-KISD, through the actions of its employee and agent Defendant-Riley, was intentional discrimination against Plaintiff by reason of her disability.

49. For the reasons stated, Defendant-KISD subjected Plaintiff to disparate treatment in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq, and specifically 42 U.S.C. § 12132.

Count 4—Plaintiff v. Defendant-KISD (disparate treatment, Rehabilitation Act)

50. Plaintiff hereby incorporates all prior paragraphs.

51. For the reasons stated under Count 3, Defendant-KISD subjected Plaintiff to disparate treatment in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 et seq, and specifically 29 U.S.C. § 794(a).

52. Such actions by Defendant-KISD were discrimination solely by reason of Plaintiff's disability.

Count 5—Plaintiff v. Defendant-KISD (interference, ADA)

53. Plaintiff hereby incorporates all prior paragraphs.

54. Defendant-Riley attacked and strangled Plaintiff while Plaintiff was exercising her rights afforded by the Americans with Disabilities Act.

55. Defendant-KISD, through the actions of its employee and agent Defendant-Riley, coerced, intimidated, threatened, and interfered with Plaintiff exercising the rights afforded by the Americans with Disabilities Act, in violation of 42 U.S.C. § 12203(b).

Count 6—Plaintiff v. Defendant-KISD (interference, Rehabilitation Act)

56. Plaintiff hereby incorporates all prior paragraphs.

57. For the reasons stated under Count 5, which are hereby incorporated, Defendant-KISD coerced, intimidated, threatened, and interfered with Plaintiff exercising the rights afforded by the Rehabilitation Act, in violation of 29 U.S.C. § 794a (incorporating Title VI, including 42 U.S.C. § 2000d-1), 34 CFR § 104.61 and 34 CFR § 100.7(e).

Count 7—Plaintiff v. Defendant-Riley (substantive due process, §1983)

58. Plaintiff hereby incorporates all prior paragraphs.

59. On April 12, 2023, Defendant-Riley was an employee of Defendant-KISD acting under color of state law.

60. Defendant-Riley attacked Plaintiff in a random, malicious, and unprovoked manner.

61. Defendant-Riley's actions were not corporal punishment, as her actions were intended to cause harm to Plaintiff for no legitimate pedagogical purpose. Strangling a child for any amount of time—let alone for 12 seconds—is antithetical to any legitimate pedagogical purpose.

62. Defendant-Riley's actions were arbitrary, capricious, and wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning.

63. Defendant-Riley's actions shock the conscience.

64. For the reasons stated, Defendant-Riley violated Plaintiff's substantive due process rights (bodily integrity) in violation of the Fourteenth Amendment, as enforced through 42 U.S.C. § 1983.

## DAMAGES

65. As a result of Defendants' actions, Plaintiff suffered the following compensatory damages:

    a. Medical expenses in the past (including the cost of Plaintiff's emergency department treatment) and medical expenses in the future (including the cost of future treatment for Plaintiff's post-traumatic stress disorder);

    b. Loss of earning capacity in the past and in the future;

    c. Physical pain and suffering in the past and in the future;

    d. Mental and emotional pain and anguish in the past and in the future;

    e. Loss of consortium in the past and in the future;

    f. Disfigurement in the past and in the future;

    g. Physical impairment in the past and in the future;

    h. Loss of companionship and society in the past and in the future;

    i. Inconvenience in the past and in the future;

    j. Loss of enjoyment of life in the past and in the future;

    k. Injury to reputation in the past and in the future; and

    l. Other pecuniary expenses.

66. The assessment of exemplary (punitive) damages is warranted against Defendant-Riley because her actions were taken with reckless or callous indifference to Plaintiff's federally protected rights.

## ATTORNEY FEES & COSTS

67. Plaintiff is entitled to and requests an award of attorney fees and litigation costs pursuant to 42 U.S.C. § 1988, as well as 29 U.S.C. § 794a and 42 U.S.C. § 12205.

## JURY DEMAND

68. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial.

## PRAYER FOR RELIEF

69. For these reasons, Plaintiff requests a judgment against Defendants for the following:

    a. Compensatory damages against Defendants, jointly and severally;

    b. Exemplary (punitive) damages against Defendant-Riley;

    c. Attorney fees and litigation costs;

d.  Prejudgment and postjudgment interest; and

e.  All other relief which may be just and proper under the circumstances.

Respectfully submitted,

/s/Ross A. Brennan
Bar No. 29842-64
Cronauer Law, LLP
668 Main St, Unit D
Buda, TX 78610
512-733-5151
ross@cronauerlaw.com